**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 14-CIV-61556-BLOOM/Valle**

STACIE FEISE,

    Plaintiff,
v.

NORTH BROWARD HOSPITAL DISTRICT
d/b/a BROWARD HEALTH,

    Defendant.
_____/

**ORDER ON MOTION FOR LEAVE TO AMEND**

**THIS CAUSE** is before the Court upon Plaintiff Stacie Feise's ("Plaintiff") Motion to Voluntarily Dismiss Count I of Plaintiff's Complaint, or Alternatively for Leave to Amend, ECF No. [78] (the "Motion"). Defendant North Broward Hospital District n/k/a Broward Health ("Defendant") opposed the Motion inasmuch as the Motion seeks dismissal without prejudice. The Court has reviewed the Motion, all supporting and opposing submissions, the record in this case and relevant law, and is otherwise fully advised. For the reasons that follow, the Court denies the Motion.

**I.   BACKGROUND**

Plaintiff initiated this action on July 8, 2014 following her termination from employment with Defendant, asserting violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA") (Count I) and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") (Count II). ECF No. [1]. On September 9, 2014, the Court issued an order, ECF No. [16] (the "Scheduling Order") which, among other deadlines, required the parties to file all motion to amend their pleadings by November 14, 2014. In the ensuing months, the parties

engaged in extensive and markedly contentious discovery.  *See*, *e.g.*, ECF Nos. [36], [45], [55], [71], [77].

## II.   DISCUSSION

Plaintiff seeks to voluntarily dismiss Count I of her Complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), or alternatively, seeks leave of the Court to amend her Complaint to eliminate Count I, pursuant to Fed. R. Civ. P. 15.

### A.   Dismissal Under Rule 41 Is Improper

As Plaintiff, oddly (given that this is her Motion), admits, Rule 41 is the wrong vehicle for her request.  Rule 41(a)(2) allows for dismissal by court order of only "'an action' (that is, the whole case) . . . [it] does not speak in terms of dismissing particular claims (or counts) in a suit." *Armington v. Dolgencorp, Inc.*, 2009 WL 210723, at *2 (M.D. Fla. Jan. 20, 2009).  "Put simply, Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action.  A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)."  *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) (quotation omitted).  Accordingly, the Court will not consider Rule 41(a) or its conditions for dismissal with or without prejudice.

### B.   Plaintiff Has Failed to Demonstrate Good Cause to Amend

Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."  FED. R. CIV. P. 15(a)(2).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely

given." *McKinley v. Kaplan*, 177 F.3d 1253, 1258 (11th Cir. 1999) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962); see also FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires."). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001).

In addition, a pretrial scheduling order "controls the course of the action unless the court modifies it." FED. R. CIV. P. 16(d). The "schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). Therefore, "[a] plaintiff seeking leave to amend its complaint after the deadline designated in a scheduling order must demonstrate 'good cause' under Fed. R .Civ. P. 16(b)." *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 (11th Cir. 2009) (per curiam); *see also Remington v. Newbridge Sec. Corp.*, 2014 WL 505153, at *12 (S.D. Fla. Feb. 7, 2014) ("Plaintiffs must establish good cause for their delay in seeking to amend the pleadings after the Court's deadline for amendment before the Court may consider whether to grant leave to amend under Rule 15.") (citing *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam) ("[W]hen a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused."). "The good cause standard required to modify a scheduling order precludes modification unless the schedule 'cannot be met despite the diligence of the party seeking the extension.'" *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 672 (S.D. Fla. 2012) (quoting *Sosa*, 133 F.3d at 1418.)

3

Plaintiff's Motion is devoid of any stated motivation or justification for her request for leave to amend at this late stage – after discovery and days before the parties' deadline for submission of substantive motions. *See* ECF No. [47]. Defendant, for its part, fears that permitting Plaintiff to withdraw her claim without a ruling on the merits will expose it to later suit on the same issue – after having engaged in costly and contentious discovery – and allow Plaintiff to avoid payment of Defendant's taxable costs for defending what they view as a meritless claim. In general, the Court expects litigants – either consensually or voluntarily – to revolve issues expeditiously and without the need for expensive and unnecessary efforts by all involved. A plaintiff who, after engaging in discovery, concludes in good faith that her claim lacks merit should be encouraged to seek leave to amend her pleading and eliminate that claim. That scenario would provide good cause under Rules 15 and 16 to modify a court's scheduling order and amend the complaint. It also has the benefit of providing a defendant some assurance of finality – that it will not be serially sued and run through discovery only to have the plaintiff withdraw its complaint without repercussions on the eve of summary judgment or trial. But Plaintiff, here, has provided the Court no reason for her request, let alone good cause. Accordingly, her Motion must be denied.

### III.  CONCLUSION

For the forgoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, ECF No. [78], is **DENIED** without prejudice to Plaintiff to refile such Motion and demonstrate good cause to amend.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of August, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record