UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-CIV-61556-BLOOM/Valle

STACIE FEISE,

    Plaintiff,
v.

NORTH BROWARD HOSPITAL DISTRICT
d/b/a BROWARD HEALTH,

    Defendant.
_____/

## ORDER ON MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Plaintiff Stacie Feise's ("Plaintiff") Motion to Strike, ECF No. [126] (the "Motion"), documents submitted by Defendant North Broward Hospital District n/k/a Broward Health's ("Defendant") with its reply, ECF No. [125] (the "Reply"), in support of its motion for summary judgment, ECF No. [85] (the "Summary Judgment Motion"). Plaintiff asks the Court to strike or otherwise decline to consider the declaration of Scott Payne, ECF No. [124-1] (the "Payne Declaration") and Exhibit A to the Reply, ECF No. [125-1], a chart purporting to compare the parties' statements of fact in connection with the Summary Judgment Motion (the "Comparison Chart"). The Court has carefully reviewed the Motion, all supporting and opposing submissions – including Defendant's response, ECF No. [133], Plaintiff's reply and attendant documents, ECF Nos. [134], [134-1], the documents submitted by Defendant with its request to file a sur-reply, ECF Nos. [135-1], and Defendant's sur-reply and attendant documents, ECF Nos. [137], [137-1], [137-2], [137-3], [137-4] – the record in this case, applicable law, and is otherwise fully advises in the premises. For

the reasons that follow, the Court in substantive part denies the Motion, but will permit Plaintiff to file a sur-reply in opposition to the Summary Judgment Motion.

## I.     DISCUSSION

### A.     Payne Declaration

Central to the factual underpinnings of this case are events which took place on the morning of September 17, 2013, during Plaintiff's employ as a nurse with Defendant. Plaintiff alleges that Defendant terminated her employment in retaliation for Plaintiff having requested and taken approved FMLA leave. Defendant argues that Plaintiff's supervisor observed Plaintiff sleeping on the job (in violation of the terms of the Plaintiff's employment), woke her, confirmed that she was sleeping using surveillance video, and terminated her on that basis. Defendant produced that video to Plaintiff, marked and referred to by the parties as NBDH 000434.

The Payne Declaration speaks to the recordation and accuracy of that surveillance video. Specifically, Payne, a "Regional Manager Facilities Services, Security, Materials Management, PBX and Processing Services" employed by Defendant, explains that the relevant "CCTV system only records video when the camera detects motion activity," reports that Defendant produced to Plaintiff a true and correct copy of the video surveillance from the date and time in question (and submitted a condensed version of the hour and a half video to the Court), and further explains that "to extent a review of [that video] appears to show skips" of some eighteen seconds, "it is because at those moments there were no detectable pixel changes in the frame of view (i.e., **no motion activity**) for the CCTV system to record." Payne Decl. ¶¶ 3, 6, 8-10 (emphasis in original).

Plaintiff argues that Payne was never disclosed – as a fact or expert witness – in this case, and that Payne's declaration, rather than reporting any personal knowledge, is a back-door expert opinion as to the operation of Defendant's surveillance system and video capture technology.

2

Plaintiff requests that the Court strike or disregard the declaration on that independent basis. Plaintiff further contends that there are material differences between NBDH 000434 and the condensed version that Defendant submitted – on an *unopposed* motion and *after* confirming with Plaintiff use of the condensed video – to the Court for consideration on the Summary Judgment Motion.  *See* ECF Nos. [86] (unopposed motion), [137-1] (email correspondence between counsel).  Partly in the alternative, Plaintiff characterizes the Payne Declaration as new evidence and argument inappropriately submitted by reply in support of a motion, and requests that the Court disregard the declaration or permit her to file a sur-reply to counter its contents.

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires parties to provide to the other parties "the name . . . of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."  Rule 26(e), regarding supplementing disclosures and responses, states in pertinent part that:

> [a] party who has made a disclosure under Rule 26(a) . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

FED. R. CIV. P. 26(e).  Federal Rule of Civil Procedure 37(c) "provides the consequences for a party's failure to disclose, pursuant to the requirements of Rule 26." *Nance v. Ricoh Elecs, Inc.*, 381 F. App'x. 919, 922 (11th Cir. 2010). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." *Id.* (citing FED. R. CIV. P. 37(c)(1)); *Cooley v. Great S. Wood Preserving*, 138 F. App'x 149, 161 (11th Cir. 2005) (same).  Because, under Rule 26(e)(1)(A), supplementation of incorrect responses is required, "the obligation to disclose

3

pertinent parties is continuing [throughout the case]." *F.T.C. v. Nat'l Urological Grp., Inc.*, 645 F. Supp. 2d 1167, 1179 (N.D. Ga. 2008). "Finally, the non-disclosing party bears the burden of showing that the failure to comply with Rule 26 was substantially justified or harmless." *Frierson v. Atlanta Indep. Sch. Sys.*, 22 F. Supp. 3d 1264, 1283-84 (N.D. Ga. 2014) (citing *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 2009)).

Defendant argues that the Payne Declaration, while new to the case on the filing of the Reply, was properly submitted as a response to arguments raised by Plaintiff for the first time in her opposition to the Summary Judgment Motion. Defendant contends that Plaintiff – having received NBHD 00434 on March 31, 2015, used that exact file throughout discovery and depositions through July, 2015, and agreed to submission of a condensed version of that video – never took issue with the accuracy or completeness of the surveillance video footage until August 18, 2015 in a footnote in Plaintiff's declaration which alluded to Plaintiff's contention that that there was something missing from NBHD 000434, and, citing that declaration, in Plaintiff's August 19, 2015 response in opposition to the Summary Judgment Motion, which states that "portions of the video, NBHD 000434, are missing[.]" It was then that Defendant investigated Plaintiff's new allegations, and secured the declarative testimony of Payne, specifically in rebuttal. Defendant vehemently denies both that the condensed version, which contains only the few relevant minutes of the full hour and half long NBHD 00434 video, is in any way less accurate or depictive of the full version of the video, and that any version of the video was tampered with or manipulated in any way – and has submitted evidence showing the use of verification and counter-tampering software to that effect.

Plaintiff characterizes its challenging of the video evidence in its opposition to the Summary Judgment Motion as appropriately responsive to Defendant's statement of facts, which

4

sets forth in detail what occurred on the morning in question and the extent to which the video recording captured those events. She argues that the parties' disagreement as to those events – whether Plaintiff was continuously sleeping for the three minutes in question, whether anyone walked by her station during that time, whether Plaintiff conversed or interacted with anyone during that time, etc. – is central to and obviously nothing new to this case.

The truth is somewhere in between. While the parties have disagreed from the outset about whether and to what extent Plaintiff was sleeping on the morning of September 17, 2013, from the record before the Court, Defendant would have had no reason to suspect that Plaintiff would attack the accuracy or completeness of the video evidence until her response to the Summary Judgment Motion. Plaintiff's argument otherwise is specious. The many hours of deposition testimony of Plaintiff, her supervisors, and Defendant's corporate representatives, contain nothing about the video recording technology or the eighteen seconds of gap or skips in the NBHD 0000434 video. And Plaintiff agreed to allow Defendant to file the condensed version of the video, for the convenience of the Court and the parties (which, ordinarily, the Court would appreciate). Plaintiff is entitled to oppose Defendant's motion and evidence with whatever argument it chooses. But Defendant obtained and submitted the Payne Declaration and presented the argument it supports in opposition to an argument newly raised by Plaintiff in her opposition to the Summary Judgment Motion. Use of the Payne Declaration in the Reply did not constitute a Rule 26 violation.

However, critically, the Payne Declaration introduces evidence in support of a responsive but also novel contention that no "movement or activity" is missing from the video because the video camera only records when motion is detected. Defendant had the right to procure and introduce new evidence about the technical background, mechanics and operation of its CCTV

system and the video recording. But Plaintiff should be afforded an opportunity to respond in kind. *Cf. Intra-Lock International, Inc. v. Choukroun*, 2015 WL 1268278, at *1 (S.D. Fla. Mar. 19, 2015) ("[W]hile raising new arguments on reply is generally inappropriate, reply evidence may contain facts not previously mentioned in the opening brief, as long as the facts rebut elements of the opposition memorandum *and do not raise wholly new factual issues*.") (quotation omitted, emphasis added). Further, the Payne Declaration reads in part as expert opinion on the systems and technologies in question rather than as direct evidence of a records custodian or fact witness.

Accordingly, the Court will not strike, and will consider, the Payne Declaration, and will permit Plaintiff to file a sur-reply responding to the factual issues and related arguments it addresses (as more fully described below).

### B. Comparison Chart

Local Rule 7.1(c)(2) caps reply memoranda at ten pages. Defendant's twelve-page Reply (already beyond the page limit) includes the Comparison Chart as a demonstrative exhibit. It purports to compare the parties' competing or responsive statements of fact in support and opposing the Summary Judgment Motion. The document is fifty-one pages long. Plaintiff views this as Defendant's inappropriate attempt to introduce dozens of extra pages of legal argument in support of its motion. Defendant characterizes the chart as merely synoptic in nature. Defendant is plainly wrong. The chart's third column, labelled "Comparison/Analysis," contains page upon page of legal argument and cited authority to the effect that Plaintiff's counter-statement of facts does not properly controvert or place in genuine or material dispute Defendant's statement of facts. The Court will not countenance Defendant's patently obvious attempt to end-around the procedural rules. In the interests of fully addressing the issues before it on the Summary

Judgment Motion and of fairness, Plaintiff will be permitted to submit a comprehensive response (as more fully described below).

### C. Video Evidence

Given the controversy (however manufactured) surrounding the video evidence in record, the Court will strike from the record the conventionally filed evidence submitted by both parties via CD or DVD, *see* ECF Nos. [86], [88], [103], [105], [106], and require both parties to resubmit the video evidence (as more fully described below).

## II. CONCLUSION

For the forgoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, ECF No. [126], is **DENIED in part**, in that the Court will not strike and will consider the Payne Declaration and the Comparison Chart.

2. The Motion is **GRANTED in part** in that:

   a. Plaintiff may submit, on or before **October 8, 2015**, a sur-reply, of no more than ten pages, in opposition to the Summary Judgment Motion.

   b. Plaintiff may attach evidence controverting the Payne Declaration.

   c. Plaintiff may attach a responsive comparison chart, containing no more text in response than is contained in the third column of the Comparison Chart.

3. On or before **October 9, 2015**, the parties shall *each* submit, conventionally, by CD(s) or DVD(s), NBDH 000434 and that same file converted to the .wmv file format. Any additional video evidence shall be in the .wmv file format. The parties shall each file a Notice of having submitted the video evidence. The Notice shall list the files submitted; indicate the time-stamp portion of the video relevant to the Court's consideration; and provide explanations as to any executable files (.exe) submitted.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of October, 2015.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record