# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 14-cv-61556-BLOOM/Valle

STACIE FEISE

      Plaintiff,

v.

NORTH BROWARD HOSPITAL DISTRICT,
d/b/a Broward Health,

      Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant, NORTH BROWARD HOSPITAL DISTRICT's ("Defendant") Verified Bill of Costs, ECF No. [152] ("Bill of Costs"). The Court has carefully reviewed the Bill of Costs, the record, all supporting and opposing filings, the Parties' briefs, the exhibits attached thereto, and is otherwise fully advised. For the reasons that follow, Defendant's Bill of Costs is denied in part and granted in part.

## I.  BACKGROUND

On July 28, 2014, Plaintiff Stacie Feise ("Plaintiff") filed a retaliation claim against Defendant pursuant to the Family and Medical Leave Act of 1993 ("FMLA"). *See* ECF No. [1]. In the Amended Complaint, Plaintiff alleged that Defendant terminated Plaintiff because she took protected leave under the FMLA in violation of 29 U.S.C. § 2615. *See* ECF No. [112]. According to Plaintiff, the reason Defendant gave for firing her, sleeping on the job, was a pretext for retaliation. *Id.* at ¶ 22.

Defendant filed a Motion for Summary Judgment, which this Court granted, finding that although Plaintiff had established a prima facie case of FMLA retaliation, Defendant had articulated a legitimate, nondiscriminatory reason for terminating Plaintiff. *See* ECF No. [148]. Plaintiff appealed the judgment to the United States Court of Appeals for the Eleventh Circuit, which affirmed the judgment of the district court. *See* ECF Nos. [154] and [162]. Defendant timely filed a Bill of Costs, seeking entry of an order taxing costs against Plaintiff. *See* ECF No. [152]. Specifically, Defendant seeks to tax costs associated with the depositions, subpoenas, and copies made throughout the proceedings in the total amount of $5,126.67.[1] *See* ECF [176] at 11. Plaintiff filed her Response in opposition, ECF No. [172], and Defendant filed a Reply to its Bill of Costs. *See* ECF No. [176].

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Although the Court has broad discretion in determining taxable costs, a court may not award any costs that are not authorized by statute. *See United States EEOC v. W & O, Inc.*, 214 F.3d 600, 620 (11th Cir. 2000). Here, Defendant seeks an award of costs pursuant to 28 U.S.C. § 1920, which provides that the following costs are taxable:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

---

[1] It bears noting that the Court has calculated the costs under dispute, totaling $5,126.67, not $5,144.67 as represented by Defendant. After reviewing the invoices, the Court has found that Defendant mistakenly included the delivery charge for the deposition of Faith-Simone Hunte in both the calculation of the cost of the deposition and the delivery charges for the deposition transcripts of Caren Bock, Linda Russo, Faith-Simone Hunte and Maxine Trotter. *See* ECF No. [152] at 2. The Court has accounted for the $18 difference throughout this Order and refers to $5,126.67 as the total amount sought by Defendant.

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

When determining whether costs are taxable, the burden lies on the losing party to demonstrate that the cost is not taxable, "unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Vega v. Alvarez,* No. 14-21635-CIV, 2015 WL 11217233, at *1 (S.D. Fla. Sept. 21, 2015). Nonetheless, the prevailing party is still required to submit requests for costs with sufficient particularity so that the Court may determine what costs were incurred and whether the prevailing party is entitled to them. *Ferguson v. N. Broward Hosp. Dist.*, No. 10–61606–CIV, 2011 WL 583754, at *3 (S.D. Fla. Aug. 15, 2011).

## III. DISCUSSION

In this case, it is undisputed that Defendant is the prevailing party. Therefore, the salient issue is the amount of taxable costs that Defendant may recover under § 1920. Defendant seeks to recover $5,126.67 for deposition costs, subpoena costs and copy costs. Of the requested $5,126.67, Plaintiff agrees to the taxability of $2,027.50, but argues that the remainder is not

taxable under § 1920. Because the Parties agree to the taxation of $2,027.50, the Court's analysis will only focus on the disputed amount of $3,099.17.

### A. Deposition Costs

As it relates to deposition costs, the parties disagree as to the taxability of $2,468.97, which includes the costs of deposition excerpts, hearing transcripts, electronic litigation packages, certified exhibits, delivery fees and court reporter appearance fees. Although costs associated with transcripts may be recoverable under § 1920, costs incurred by the prevailing party are "generally not recoverable unless the moving party can demonstrate that the items were necessary and not merely ordered for the convenience of counsel." *Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014). Examples of deposition costs incurred for convenience of counsel are those depositions used to aid in thorough preparation or those used only for purposes of investigation. *Watson v. Lake Cty.*, 492 F. App'x 991, 996 (11th Cir. 2012). On the other hand, depositions that are used at trial or in support of a motion for summary judgment tend to show necessity. *Id.* However, a showing that the deposition was used in the case is not required where there is no evidence indicating that the deposition was "unrelated to an issue in the case at the time it was taken." *Id.* at 997.

In the Bill of Costs, Defendant seeks to tax the depositions of Stacie Feise, Caren Bock, Linda Russo, Faith-Simone Hunte, and Maxine Trotter. Not only is there no evidence that these depositions were unrelated to issues in the case at the time they were taken, but there is also evidence that Plaintiff filed the depositions and relied on them in response to Defendant's Motion for Summary Judgment. *See* ECF Nos. [87], [97], [98], [99], [101], [101-1]. Plaintiff's use of the depositions in opposing summary judgment evidences their necessity in the case. Further, in her Response, Plaintiff does not object to the necessity of the depositions or to the

taxability of the actual transcripts. Therefore, as a preliminary matter, the Court finds that the depositions of Stacie Feise, Caren Bock, Linda Russo, Faith-Simone Hunte, and Maxine Trotter were necessarily obtained for use in the case. The Court now turns to address each of the disputed costs associated with these transcripts.

Defendant seeks to recover $590 in appearance fees of the court reporters. Within this circuit, there is a split of authority as to whether those fees are taxable under § 1920. *See id.* In 2008, § 1920 was amended from "fees of the court reporter for all or any part of the stenographic transcript" to fees "for printed or electronically recorded transcripts." *See Miles v. Jones*, No. 08-20612-CIV, 2011 WL 10565588, at *2 (S.D. Fla. Feb. 4, 2011) (citing Pub. L. 110-406, § 6; 122 Stat. 4292). As a result of the 2008 amendment, some courts have found that appearance fees are not taxable, as only fees for the transcript itself are recoverable. *See Miles,* 2011 WL 10565588 at *2; *Rodriguez v. Marble Care Int'l, Inc.*, 862 F. Supp. 2d at 1320. However, other courts have found that appearance fees are recoverable, despite the amendment to § 1920. *See Nelson*, 2014 WL 2195157 at *2; *Levy v. Remy Cointreau USA, Inc.*, No. 14-20906-CV, 2015 WL 12868176, at *3 (S.D. Fla. Mar. 31, 2015).

This Court finds that appearances fees are recoverable. The current version of § 1920(2) allows the taxation of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920 (emphasis added). The word "fees" includes all costs associated with preparing the transcript, which would necessarily include the court reporter's appearance fee. *See e.g.*, *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013) (finding that appearance fees are directly related to preparing the transcript). It is axiomatic that a deposition cannot be transcribed unless a court reporter is

physically present at the proceeding. Therefore, the Court finds that Defendant is entitled to recover $590 for the court reporter's appearance fees.

Similarly, there is a split in this circuit regarding the taxability of transcript postage, handling, and shipping expenses. Some courts have found that delivery charges are not recoverable under § 1920. *See Suarez v. Tremont Towing, Inc.*, No. 07-21420-CIV, 2008 WL 2955123, at *3 (S.D. Fla. Aug. 1, 2008); *Univ. of Miami v. Intuitive Surgical, Inc.*, No. 04-20409-CIV, 2007 WL 781912, n. 4 (S.D. Fla. Mar. 13, 2007). However, the Court concludes that delivery charges are recoverable based on the rationale that postage, handling and shipping expenses are part of the "fees" of the printed transcript. *See e.g.*, *J.G. v. Carnival Corp.*, No. 12-21089-CIV, 2013 WL 5446412, at *3 (S.D. Fla. Sept. 28, 2013). One cannot obtain a copy of the printed transcript without it being mailed. It is significant that § 1920 allows a court to tax the fees for either printed or electronic transcripts. The receipt of the former requires a shipping expense – an expense that is subsumed within the word "fees." Thus, Defendant may recover the delivery charges of the Caren Bock, Linda Russo, Faith-Simone Hunte and Maxine Trotter transcripts, which amount to $72. [2] *See* ECF No. [152] at 2.

The parties also disagree about the taxability of the charges for the "E-CD Litigation Package" for the deposition of Stacie Feise as well as the charges for the "PDF file[s]" for the depositions of Caren Bock, Faith Simone Hunte, Linda Russo, and Maxine Trotter. Recognizing that courts often decline to tax costs associated with digital copies of transcripts, Defendant argues these costs are recoverable because the transcript "must be in a searchable, electronic format" to make it reasonably usable. *See* ECF No. [176] at 3. Defendant relies on *Independent*

---

[2] The Court recognizes that Defendant did not specifically justify the delivery charge for Linda Russo in its Reply, ECF No. [176]. However, because the Court finds that delivery charges generally are recoverable if the deposition transcripts were necessarily obtained for use in the case, it also awards the delivery charge for this transcript.

*Marketing Group, Inc. v. Keen*, which states that electronically stored information must be searchable in order to be reasonably usable. *Indep. Mktg. Grp., Inc. v. Keen*, No. 3:11-CV-447-J-25MCR, 2012 WL 207032, at *2 (M.D. Fla. Jan. 24, 2012). This decision, however, discusses electronically stored information ("ESI") in the discovery context. *Id.* Although ESI may need to be searchable to be usable for discovery purposes, that principle, standing alone, does not move these costs from the "convenience of counsel" category to the "necessarily obtained for use in the case" category. Instead, the Court analogizes searchable transcripts to deposition word indexes, which are generally not recoverable unless the prevailing party shows that they were necessary, and not merely ordered for convenience of counsel. *See Nelson*, 2014 WL 2195157 at *3. The Court finds that Defendant did not show that either the electronic litigation package for Stacie Feise's deposition, ECF No. [152-1] at 2, or the PDF files for Caren Bock, Maxine Trotter, Linda Russo and Faith-Simone Hunte's depositions, ECF No. [152-1] at 4, 6, were necessary and not merely ordered for convenience. Additionally, § 1920(2) allows for the taxation of "fees for printed *or* electronically recorded transcripts . . . ." 28 U.S.C. § 1920(2) (emphasis added). To the extent that Defendant is seeking to tax both the costs of the printed transcripts and the cost of the word-searchable PDF version, the statute is written in the disjunctive and does not allow for the taxation of the printed *and* electronic version of the same transcript. Therefore, the $325 relating to the cost for digital copies of transcripts are not taxable under § 1920.

The next disputed area involves the costs of deposition exhibits. Copies of exhibits are not generally recoverable unless the moving party can show that the copies were necessary. *See Nelson*, 2014 WL 2195157 at *3; *Suite 225, Inc. v. Stonington Ins. Co.*, No. 12-80409-CIV, 2015 WL 12085838, at *4 (S.D. Fla. Dec. 10, 2015); *George v. Florida Dep't of Corr.*, No. 07-80019-

CIV, 2008 WL 2571348, at *6 (S.D. Fla. May 23, 2008). Defendant seeks to recover the costs for copies of the exhibits used in Stacie Feise's deposition. *See* ECF No. [152-1] at 2. In its Reply, Defendant explains that the court reporter retained the original exhibits, which demonstrates Defendant's need for copies of them. *See* ECF No. [82]. Therefore, Defendant may recover the $68.80 incurred for copies of exhibits used in Stacie Feise's deposition.

Similarly, Defendant seeks to recover the costs for copies of the certified exhibits from the depositions of Caren Bock, Maxine Trotter and Linda Russo, who were all deposed by Plaintiff. *See* ECF No. [152-1] at 3, 6. Costs for copies of deposition exhibits are taxable where the prevailing party was the non-deposing party. *See* George, 2008 WL 2571348 at *6 (stating as a general rule that the deposing party would not be entitled to recover for copies of exhibits, while the non-deposing party would). Thus, the Court finds that the costs for copies of the certified exhibits in Caren Bock, Maxine Trotter and Linda Russo's depositions, totaling $202, are taxable as Defendant was the non-deposing party.

Defendant also seeks to recover for excerpts of both Linda Russo and Faith-Simone Hunte's depositions, based on the rationale that Plaintiff ordered the excerpt and Defendant ordered a copy of whatever Plaintiff ordered. *See* ECF No. [152-1] at 4; ECF No. [176-1]. As explained above, a prevailing party is entitled to recover costs associated with transcripts if the moving party can show the transcripts were necessary and not just for convenience. *See Nelson*, 2014 WL 2195157 at *3. Here, Plaintiff ordered the excerpts and ultimately used them in opposition to Defendant's Motion for Summary Judgment. *See* ECF Nos. [99] and [101]. Defendant originally ordered the excerpts of the transcripts, but, upon its determination that the complete transcript was necessary for its summary judgment briefing, it ordered the complete versions. The complete transcripts were ultimately utilized and filed with the Court as part of

Defendant's summary judgment briefing. *See* ECF [123]. Thus, the $133 in costs incurred by Defendant for the excerpt of both Linda Russo and Faith-Simone Hunte's depositions are taxable under § 1920.

Next, Defendant seeks to recover $334.32 for the transcripts of hearings held on May 13, 2015 and May 28, 2015. A review of the docket reflects that the Court orally ruled on the motions at the hearing. *See* ECF Nos. [47] and [55]. One of the orders reflects that the Court entered its ruling "[f]or the reasons articulated by the Court at the Hearing" while the other granted Defendant's Motion to Compel in part "for the reasons stated on the record." *Id.* Copies of hearing transcripts are reasonably necessary if the ruling refers to the hearing. *See e.g.*, *Zokaites v. 3236 NE 5th St., Inc.*, No. 07-60670-CIV, 2008 WL 4792451, at *4 (S.D. Fla. Oct. 31, 2008). Under these circumstances, it was reasonably necessary to order the two hearing transcripts. However, Defendant fails to explain why it ordered the transcripts with expedited and fourteen-day deliveries, respectively. *See* ECF No. [152-1] at 7–8. No explanation is provided for the necessity of either the expedited or the fourteen-day delivery, which are both billed at a significant premium, and neither of the invoices delineates the exact charge for the accelerated delivery. Therefore, the Court finds that the costs of the hearing transcripts are not recoverable as Defendant did not show that the additional charges for expedited delivery were necessarily incurred, as opposed to merely for convenience. Because the invoices do not break down the additional charge for expedited transcripts, the Court cannot award any portion of this cost.

Within the deposition category, Defendant finally seeks to recover the costs of transcripts of both Faith-Simone Hunte and Linda Russo's depositions, which are invoiced as "(Original & One Copy-Index)." *See* ECF No. [152-1] at 5–6. While Plaintiff does not dispute the taxability

of the "Original," Plaintiff argues that the cost of the "One Copy-Index" is not taxable under § 1920. However, upon further review, the Court finds that there is no indication of an extra charge for the "One Copy-Index," as opposed to being included free of charge. Plaintiff had the burden of showing that the cost was not taxable. *Vega*, 2015 WL 11217233 at *1. Since the Court does not see any indication of a surcharge for the "One Copy-Index," Defendant may recover the costs of the two deposition transcripts in the total amount of $743.85.

In sum, the Court finds that Defendant may recover for the appearance fees, delivery charges, copies of exhibits and excerpts of deposition transcripts, for a total amount of $1,809.65. However, the costs of the digital copies and the hearing transcripts, adding up to $659.32, are not taxable under § 1920.

### B. Subpoena Costs

Within the subpoena category, Defendant seeks to recover $98 in fees for summons and subpoenas. *See* ECF No. [152-1] at 9–10. The Eleventh Circuit has found that the fees of a private process server may be taxed under § 1920. *See EEOC*, 213 F.3d at 624. When a private process server is used, the fee should not exceed the U.S. Marshal's Service charge of $65 per hour. *Woods v. Deangelo Marine Exhaust Inc.*, No. 08-81579-CIV, 2010 WL 4116571, at *2 (S.D. Fla. Sept. 27, 2010). If the fee of a private process server exceeds that amount, the court should reduce the recovery to the amount charged by the Marshal. *Id.* Here, the Court finds that Defendant is entitled to recover costs associated with the subpoena served on Renfrew Center on March 19, 2015 for $25. However, Defendant does not explain the necessity for service of a second subpoena to the same non-party, nor can the Court discern from the record the need for a second subpoena. Therefore, the Court finds that, without indication of necessity, the cost of the second subpoena is not taxable.

### C. Copy Costs

Finally, Defendant seeks $532.20 in costs for duplication of documents for production. *See* ECF No. [152] at 2. The Eleventh Circuit has explained that "in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *EEOC*, 213 F.3d at 623. The burden lies on the non-prevailing party to show that costs are not taxable, unless the costs are within the sole knowledge of the prevailing party. *Vega*, 2015 WL 11217233 at *1. Defendant provided a chart with various costs labeled "COPY," but it did not provide any information indicating the purpose or content of the copies. *See* ECF No. [152-1]. Knowledge of this information rests solely with Defendant; however, it failed to provide sufficient information for the Court to determine what costs were incurred, why they were incurred, and whether Defendant is entitled to them. *See Ferguson*, 2011 WL 2583754 at *3. Therefore, the copy costs are not taxable under § 1920.

## IV. CONCLUSION

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Defendant's Bill of Costs, **ECF No. [152]**, is **DENIED IN PART AND GRANTED IN PART**. Defendant is awarded the undisputed $2,027.50 in addition to $1,809.65 in deposition costs and $25 in subpoena costs for a total award of **$3,862.15**. Final Judgment will be entered by separate order.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of August, 2017.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record